| | | |
|---|---|---|
| **WILLIAM KIMBLE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FNU CORPENING, et al.** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I.     BACKGROUND

Pro se Plaintiff William Kimble, Jr., is an inmate of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on January 16, 2019, pursuant to 42 U.S.C. § 1983, based on conditions at his previous place of confinement, Marion Correctional Institution (MCI). Plaintiff has named four Defendants, both in their official and individual capacities: (1) FNU Corpening, identified as Correctional Administrator at MCI; (2) FNU Todd, identified as Sergeant of Warehouse at MCI; (3) Saint T. Tapp, identified as Assistant Unit Manager of F-Unit at MCI; and (4) Jeffry E. James, identified as Unit Manager of F-Unit at MCI. Plaintiff purports to bring claims against these Defendants related to his conditions of confinement and for cruel and unusual punishment under the Eighth Amendment. Plaintiff also cites the Fifth and Fourteenth Amendments in relation to his claims, but he does not allege how these Amendments apply. Specifically, Plaintiff alleges

that Defendants failed to give each individual inmate his own mattress cover, that the mattresses have not been cleaned with a bacterial disinfectant spray, that only multi-purpose cleaner is available to the inmates, and that these conditions expose Plaintiff to "harmful diseases such as (MRSA)." [Doc. 1 at 4-5]. Plaintiff claims the conditions of the mattresses has caused him skin irritation, rashes, allergic reactions, loss of sleep, and emotional and mental stress. [Id. at 10].

For relief, Plaintiff seeks injunctive relief and compensatory and punitive damages.

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.   DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640,

642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, Plaintiff has not alleged sufficient facts to proceed past initial review. An uncomfortable or dirty mattress that has not been disinfected with Plaintiff's preferred cleaning solution is not an extreme deprivation for which Plaintiff has a remedy under the Eighth Amendment. Plaintiff has also failed to allege a serious or significant physical or emotional injury resulting from the condition. The Court also notes that none of these Defendants can be sued in their official capacities under § 1983, in any event. Finally, to the extent that Plaintiff seeks injunctive relief in this action, such claim is moot because he has been transferred away from the Marion Correctional Institution. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint [Doc. 1] is **DISMISSED** for failure to state a claim.

(2) The Clerk is instructed to terminate this action.

Signed: June 17, 2019

Frank D. Whitney
Chief United States District Judge